IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-1748-WJM-STV

PB PROPERTY HOLDINGS, LLC,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

## ORDER APPOINTING APPRAISAL UMPIRE

Now before the Court is Plaintiff's Motion to Reopen Proceedings for the Limited Purpose of Appointment of a Neutral Umpire. (ECF No. 36.) The Motion is granted in part, for the reasons set out below.

### I. BACKGROUND

This insurance case was filed in Denver District Court on June 16, 2016, and removed to this Court pursuant to 28 U.S.C. § 1332 on July 1, 2016. (ECF No. 1; ECF No. 4.) On August 18, 2016, Plaintiff moved the Court to compel Defendant to participate in the appraisal process contemplated in the policy issued to Plaintiff by Defendant. (ECF No. 10.) That provision provides:

> Appraisal
>
> If [Defendant] and [Plaintiff] disagree on the on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. *The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a*

> *court having jurisdiction*.  The appraisers will state
> separately the value of the property and amount of loss.  If
> they fail to agree, they will submit their differences to the
> umpire.  A decision agreed to by any two will be binding.
> Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire
> equally.
>
> If there is an appraisal, [Defendant] will still retain [its] right to
> deny the claim.

(ECF No. 4-1 at 87 (emphasis added).)

U.S. Magistrate Judge Scott T. Varholak recommended that Plaintiff's Motion to Compel Appraisal should be granted, despite Defendant's objection that this case raises coverage and causation issues which should be resolved by the Court and not in the appraisal process.  (*See* ECF Nos. 10, 18, 30.)  The Court adopted Judge Varholak's recommendation, reasoning that despite "a split of national authority on the issue of whether appraisers should be given authority to make damage causation determinations * * * at least three Colorado trial courts have held that appraisers may determine causation."  (ECF No. 34 at 7.)  Accordingly, the parties were directed to participate in the appraisal process described in the policy, and this case was stayed and administratively closed pending completion of that process.  (ECF Nos. 34, 35.)

## II.  ANALYSIS

Appraisal provisions such as the one here are "found in most, if not all, property insurance policy contracts."  Colorado Div. of Ins. Bulletin No. B-5.26, *Requirements Related to Disputed Claims Subject to Appraisal* (Oct. 26, 2015) (docketed at ECF No.

2

36-4). However, as this Court recently ruled in another case, the mere fact that parties have agreed to such a provision does not mean that courts have either the authority or the inclination to supervise all aspects of private parties' contractual performance while such an appraisal is underway. *See Owners Ass'n of Bella Vista Villas, Inc. v. Owners Ins. Co.*, 2017 WL 6054887 (D. Colo. Dec. 7, 2017) ("*Bella Vista*").

Nevertheless, in appropriate cases, the Court may "choose to grant a request to select an umpire, and in many cases that [will] be a reasonable exercise of the Court's powers and jurisdiction, in service of the 'just, speedy, and inexpensive determination'" of pending insurance litigation. *Id.* at *3. Here, the Court finds that judicial appointment of an umpire is appropriate. The appraisal provision expressly allows the appraisers to request such appointment, the parties have a pending case establishing the Court's jurisdiction, and both parties agree the Court should appoint an umpire, while submitting alternative nominees for that role. (*See* ECF Nos. 36, 39.)

Plaintiff proposed three experienced mediators/arbitrators as potential umpires, two of whom are retired judges. (ECF No. 36 at 4; ECF Nos. 36-7, 36-8, 36-9.) Defendant "does not doubt the competency or integrity of retired judges," but objects that "these types of umpires may not have the experience and understanding of hail damage and repair cost issues that a specialist in the industry would have," and therefore proposes three potential umpires who are "specialized in the roofing and re-construction industries," that is, the subject area expertise relevant to Plaintiff's underlying claim. (ECF No. 39 at 8.)

In support of its objection, Defendant cites to another recent hail damage case in which one of Plaintiff's nominees—retired Judge Thomas Moorhead—acted as the

3

umpire.  (*Id.* at 7–8 (citing *Colo. Hosp. Servs., Inc. v. Owners Ins. Co.*, 2015 WL 4245821 (D. Colo. July 14, 2015) *and Colo. Hosp. Servs. Inc. v. Owners Ins. Co.*, 154 F. Supp. 3d 1173, 1175 (D. Colo. 2015)).)  There, Judge Moorhead approved an appraisal award of at least $911,652, which U.S. District Judge R. Brooke Jackson later vacated, based on the partiality of the plaintiff's chosen appraiser, while describing Judge Moorhead as "a highly respected former judge whose competence and impartiality [as an umpire] I do not remotely question."  *Colo. Hosp. Servs.*, 2015 WL 4245821, at *3.  A jury later awarded the plaintiff $70,871.70, or less than 10% of the amount approved by Judge Moorhead.  *Colo. Hosp. Servs.* 154 F. Supp. 3d at 1175.  The Court will accept Defendant's objection to Judge Moorhead, given that other equally-qualified nominees are presented, and because Defendant might perceive that Judge Moorhead's involvement with its counsel in the *Colorado Hospitality Services* case would somehow affect the appraisal here.

However, the Court disagrees with Defendant's broader argument that as a general matter the umpire should have subject-area expertise, rather than being an experienced third party neutral.  Each party has had the opportunity to retain subject area experts as the appraisers; those appraisers have disagreed; and, pursuant to the policy, they "will submit their differences to the umpire."  As the Court understands this process, the umpire's primary role is not to undertake a new, third appraisal, but to evaluate the appraisers' completed appraisals, and their differences.  This is more akin to adjudicating competing experts' opinions than to preparing a third, independent opinion or appraisal.  This role is aptly filled by an arbitrator with experience weighing

4

parties' competing submissions, even when the subject matter is complex or technical.[1]
Accordingly, given his extensive experience and unquestioned competency to fill such a role in this case, the Court grants Plaintiff's request to appoint the Honorable John P. Leopold (ret.) as umpire.[2]

As to Plaintiff's request that the Court should "impose a deadline on the appraisal process," Plaintiff has not identified any provision of the policy that authorizes such Court-imposed direction of the appraisal process. *See Bella Vista*, 2017 WL 6054887, at *3. To be sure, the Court may, in the future, impose deadlines on the parties' litigation of this case and will not permit the appraisal process to drag on indefinitely while this lawsuit remains unresolved. (*See* ECF No. 35.) But, since Judge Leopold has not yet even been appointed, the Court for now leaves it to his judgment, and that of the parties, to conclude the appraisal process in a timely fashion and without undue delay.[3]

---

[1] The Court's view is consistent with recent analysis by the Colorado Court of Appeals, which interpreted a materially identical appraisal clause to treat the parties' appraisers as somewhat analogous to retained experts, while viewing the umpire as a third party neutral like a judge or arbitrator. *Cf. Owners Ins. Co. v. Dakota Station II Condo. Ass'n, Inc.*, ___ P.3d ___, 2017 WL 3184568, ¶¶ 22–24 (Colo. App. July 27, 2017) (official citation pending) ("the policy does not hold an appraiser to the standard of 'not favoring one side more than another,' in the sense that a judge or arbitrator (or the umpire under this policy) would be required to be impartial" (also citing *Cent. Life Ins. Co. v. Aetna Cas. & Sur. Co.*, 466 N.W.2d 257, 261 (Iowa 1991))).

[2] The Court presumes that before listing Judge Leopold as a proposed umpire, Plaintiff's counsel confirmed his willingness and availability to handle this matter.

[3] Neither Plaintiff's claim that Defendant acted in a dilatory fashion in choosing its appraiser, nor Defendant's objection to the alleged partiality of Plaintiff's appraiser is relevant to the Court's appointment of an umpire. (*See* ECF No. 36 at 2–3; ECF No. 39 at 2–3.) The Court takes no position on these arguments, which it generally views as premature for any form of judicial intervention. *See Bella Vista*, 2017 WL 6054887, at *3–4.

## III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion to Reopen Proceedings for the Limited Purpose of Appointment of a Neutral Umpire (ECF No. 36) is GRANTED IN PART to the extent that the Hon. John P. Leopold (ret.) of JAMS Arbitration is hereby APPOINTED to act as umpire in this matter, consistent with the terms of the applicable insurance policy and governing law;

2. Plaintiff's Motion is in all other respects DENIED; and

3. This matter remains ADMINISTRATIVELY CLOSED pursuant to D.C.COLO.LCivR 41.2.

Dated this 3rd day of January, 2018.

BY THE COURT:

William J. Martínez
United States District Judge